UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK LAMPRON, )<br>)<br>*Plaintiff* )<br>v. )<br>)<br>GROUP LIFE INSURANCE AND )<br>DISABILITY PLAN OF UNITED )<br>TECHNOLOGIES CORPORATION, )<br>LIBERTY LIFE ASSURANCE COMPANY )<br>OF BOSTON, and PRATT & WHITNEY, )<br>)<br>*Defendants.* ) | Case No. 2:12-cv-197-GZS |

### ORDER ON MOTION TO SEVER OR SEPARATE
### COUNT VI OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Before the Court are Defendants Liberty Life Assurance Company of Boston's And The Group Life Insurance And Disability Plan Of United Technologies' Motion To Sever Or Separate Count VI Of Plaintiff's First Amended Complaint Under Rule 21 Or Rule 42(b) Of The Federal Rules Of Civil Procedure (ECF No. 17) ("Motion To Sever") and Defendants Liberty Life Assurance Company Of Boston's And The Group Life Insurance And Disability Plan Of United Technologies' Objection To Scheduling Order (ECF No. 28) ("Objection To Scheduling Order").[1] For the reasons explained herein, the Court GRANTS the Motion To Sever (ECF No. 17) pursuant to Federal Rule of Civil Procedure 21 and GRANTS the Objection To Scheduling Order (ECF No. 28).

---

[1] On August, 31, 2012, Defendant Liberty Life Assurance Company Of Boston and Defendant the Group Life Insurance And Disability Plan of United Technologies filed a Motion To Sever Or Separate Count VI of Plaintiff's Complaint. (ECF No. 12.) After Plaintiff amended his Complaint on September 4, 2012, those Defendants then filed the Motion To Sever presently before the Court. From the Court's review, other than referencing the Amended Complaint versus the Original Complaint, there are no material differences between the motions and both seek the same relief. Accordingly, the Court finds that the first-filed Motion To Sever Or Separate Count VI (ECF No. 12) is MOOT.

**I.     BACKGROUND**

Plaintiff Mark Lampron was employed by Pratt & Whitney, a division of United Technologies Corporation (the "Company"), from June of 1998 until the Company terminated his employment on July 1, 2010.  (Am. Compl. (ECF No. 16) ¶¶ 18, 19.)  Lampron was a participant in Defendant The Group Life Insurance and Disability Plan of United Technologies Corporation (the "Plan"), which provided short-term and long-term disability benefits to plan participants.  (Id. ¶¶ 3, 8.)  Defendant Liberty Life Assurance Company of Boston ("Liberty") was the Plan Administrator for the Plan.  (Id. ¶ 9.)  While the Company self-funded short-term benefits under the Plan, as the Plan Administrator, Liberty had the discretion to determine eligibility for short-term and long-term benefits.  (Id. ¶¶ 68, 75.)  Liberty funded the long-term disability benefits ("LTD") under the Plan.  (Id. ¶ 75.)

In October of 2009, Lampron applied for short-term disability benefits ("STD") under the Plan due to panic attacks, anxiety and/or panic disorder.  (Am. Compl. ¶¶ 36-41.)  Liberty initially approved Lampron's STD benefits through November 30, 2009.  (Id. ¶ 44.)  After Lampron appealed, Liberty extended Lampron's STD benefits through March 31, 2010.  (Id. ¶¶ 45-46.)  Thereafter, Lampron administratively appealed Liberty's decision to end his STD benefits as of March 31, 2010.  (Id. ¶ 54.)  On June 9, 2010, Liberty denied Lampron's appeal and upheld its termination of STD benefits beyond March 31, 2010.  (Id. ¶ 56.)  By letter dated June 17, 2010, the Company informed Lampron that he had to be cleared to return to work by both a physician and the Company's own medical department by June 30, 2010 or face termination.  (Id. ¶ 61.)  He did not return to work.  The Company terminated Lampron on July 1, 2010.  (Id. ¶ 19.)

Lampron commenced this action on June 20, 2012. (Compl. (ECF No. 1).) On September 4, 2012, Lampron filed his First Amended Complaint ("Amended Complaint"). In his Amended Complaint, Lampron asserts failure to accommodate and disability discrimination claims against the Company under the Maine Human Rights Act (Counts I and II) and the Americans with Disabilities Act (Counts III and IV). In Count V, Lampron asserted a cause of action against the Company under section 510 of ERISA.[2] Finally, Count VI asserted a cause of action for disability benefits under section 502(a)(1)(B) of ERISA against the Company, the Plan and Liberty.

On September 18, 2012, Defendant Pratt & Whitney filed a motion to dismiss Count V of Plaintiff's First Amended Complaint and to dismiss Pratt & Whitney as a defendant to Count VI (ECF No. 19). In the Order On Motion To Dismiss, the Court granted Pratt & Whitney's motion. Therefore, Count V has been dismissed and Defendants Liberty and the Plan are the only remaining defendants to Count VI.

On September 5, 2012, Defendants Liberty and the Plan filed the motion presently before the Court to sever or separate Count VI of the Amended Complaint under Federal Rule of Civil Procedure 21 or 42(b).

## II.  LEGAL STANDARD

"Two types of severances or separations of claims are contemplated by the Federal Rules of Civil Procedure-one within the action itself, the other resulting in a second, or new action."

---

[2] Lampron's original Complaint also asserted Count V, the ERISA § 510 claim, against Liberty and the Plan. (Compl. (ECF No. 1) ¶¶ 90-94.) On August 31, 2012, Liberty and the Plan moved that they be dismissed as defendants to Count V because "they were not plaintiff's employer and/or a cause of action under § 510 of ERISA may not be premised on a denial of benefits by a non-employer insurance company or employee benefit plan[.]" (Defs. Liberty Life Assurance Company Of Boston's And The Group Life Insurance And Disability Plan Of United Technologies' Motion To Dismiss Count V Of Plaintiff's Complaint (ECF No. 13) at 1.) On September 4, 2012, Lampron filed his First Amended Complaint and dropped Liberty and the Plan as defendants to Count V. (See Am. Compl. ¶¶ 89-92.) Therefore, the filing of the First Amended Complaint has rendered Liberty and the Plan's Motion To Dismiss Count V (ECF No. 13) MOOT.

Acevedo-Garcia v. Monroig, 351 F.3d 547, 558 (1st Cir. 2003). Federal Rule of Civil Procedure 21 "furnishes the mechanism for separating a case into separate actions, i.e, severance," and allows that "[a]ny claim against a party may be severed and proceeded with separately." Id.; see also Fed. R. Civ. P. 21 (stating that "[t]he court may also sever any claim against a party."). In contrast, Federal Rule of Civil Procedure 42 "authorizes courts to divide a single action into separate trials that remain under the umbrella of the original solitary action." Acevedo-Garcia, 351 F.3d at 559. Rule 42(b) provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42. Whether to separate parties or claims is a case management decision "peculiarily within the discretion of the trial court." Acevedo-Garcia, 351 F.3d at 558 (quoting Gonzalez-Marin v. Equitable Life Assurance Socy., 845 F.2d 1140, 1145 (1st Cir. 1988)).

### III.   DISCUSSION

Through the present Motion, Liberty and the Plan have moved to sever or separate Count VI of Plaintiff's Amended Complaint. Liberty and the Plan argue that severance of the § 502(a)(1)(B) claim under Rule 21 will be more convenient for the Court and the parties because otherwise Liberty and the Plan will be subject to discovery that is not generally available on a § 502(a)(1)(B) claim and that claim will take longer to resolve on the merits than it would if severed and proceeded with separately.

When a court evaluates a denial of benefits under ERISA § 502(a)(1)(B), "the district court sits more as an appellate tribunal than as a trial court. It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." Leahy v. Raytheon Co., 315 F.3d 11, 18 (1st Cir. 2002).

Accordingly, denial of benefits claims "typically are adjudicated on the record compiled before the plan administrator."  Denmark v. Liberty Life Assur. Co. of Boston, 566 F.3d 1, 10 (1st Cir. 2009).  To overcome the "strong presumption" that the record is limited to what was before the plan administrator "at least some very good reason" must be presented by the party seeking to modify the record via discovery.  Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003).  Even where such a reason is presented, "courts have permitted only modest, specifically targeted discovery."  Denmark, 566 F.3d at 10.

The First Circuit has noted that one potential reason for limited discovery on a section 502(a)(1)(B) claim occurs where a plaintiff asserts that the plan administrator operated under a structural conflict.  Denmark, 566 F.3d at 10.  A structural conflict may exist where a plan administrator both adjudicates claims and also pays awarded benefits.  Id. at 7.  Even in this situation, however, "any such discovery must be allowed sparingly and, if allowed at all, must be narrowly tailored so as to leave the substantive record essentially undisturbed."  Id. at 10.

In accordance with this paradigm, this Court has adopted a unique track and scheduling order to govern cases brought under ERISA § 502(a)(1)(B).  This "ERISA track" is different from the "standard track" assigned to other claims, such as discrimination claims brought under the Americans with Disabilities Act ("ADA").  Compare Local Rule 16.3(b) with Local Rule 16.3(g).  For example, cases placed on the standard track would be subject to a scheduling order that establishes, as a matter of course, the deadlines for expert discovery and pretrial preparation.  See Local Rule 16.2(c)(2).  In contrast, the track and scheduling order for ERISA claims under § 502(a)(1)(B) does not allow for discovery as a matter of regular course and provides for more expedited resolution of claims via judgment on the record.  See Local Rule 16.2(c)(4).  Under

Local Rule 16.2(c)(4), the contents of a scheduling order for a case brought under ERISA § 502(a)(1)(B) shall:

> establish the deadline (1) for establishing the administrative record; (2) for filing motions to modify the administrative record and/or for discovery; (3) for amendment of the pleadings and joinder of parties; and (4) for filing motions for judgment on the record for judicial review.

Local Rule 16.2(c)(4). Notably, the customary scheduling order for a denial of benefits claim explicitly contemplates establishing the administrative record, followed by motion practice to modify that record. See id.

In the present case, Liberty and the Plan assert that the ERISA § 502(a)(1)(B) claim should be severed as a matter of judicial economy and in fairness to the parties. The Court agrees. Here, Liberty and the Plan are charged with the single count of denial of benefits under ERISA. (See Am. Compl. ¶¶ 77-100.) Those two Defendants are not named under any of Plaintiff's remaining counts. (See id.) The sole claim with which Liberty and the Plan are charged is generally adjudicated on the record before the plan administrator and is not, as a matter of course, subject to the discovery generally available to litigants with other types of claims. Denmark, 566 F.3d at 10; Local Rule 16.2(c)(4). Forcing Liberty and the Plan to undergo any discovery without a very good reason would not accord with the Supreme Court's caution that in enacting ERISA, "Congress sought to create a system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering ERISA plans in the first place." Conkright v. Frommert, 559 U.S. 506, 130 S. Ct. 1640, 1649 (2010) (internal quotations and citations omitted). Further, if the Court did not sever Count VI, it is likely that resolution of Count VI would be delayed by potentially protracted discovery on the

other counts and could lead to confusion regarding the contents and scope of the administrative record on Count VI.

In response, Plaintiff asserts that severing Count VI will subject Plaintiff to two separate rounds of discovery and will be unfairly prejudicial. First, the Court acknowledges that Plaintiff has suggested that a structural conflict may be at play with regard to Liberty's benefits determinations. (See Pl.'s Opp. To Defs.' Mot. To Sever Or Separate Count VI (ECF No. 24) ("Pl.'s Opp.") at 3.) Where a structural conflict is alleged, the Court may allow sparing and narrowly tailored discovery as to that precise issue. See Denmark, 566 F.3d at 10. However, the standard scheduling order for ERISA denial of benefits claims specifically contemplates the potential for modification of the administrative record and/or discovery. See Local Rule 16.2(c)(4). This limited motion practice and potential discovery is not the same as the discovery available in the regular course of standard track litigation cases. Compare Local Rule 16.2(c)(2) with Local Rule 16.2(c)(4). Instead, the potential discovery under Count VI will likely be modest.[3] See Denmark, 566 F.3d at 10. Therefore, Plaintiff will not be subject to two rounds of discovery but instead will undertake one regular course of discovery for Counts I through IV and a potential, limited course of discovery under Count VI. Were the Court to find otherwise, every employee denied benefits under ERISA would also bring suit for another cause of action in order to have broader discovery more easily available.

Second, Plaintiff asserts that even though Liberty and the Plan were not named as defendants under the other counts in the Amended Complaint, they are nonetheless "enmeshed in the decision-making process" and that common question of fact exist as to all Defendants. (Pl.s'

---

[3] At this point in time, the Court makes no finding with regard to what, if any, discovery plaintiff may be entitled to on the ERISA denial of benefits claim. Instead, the Court leaves that determination until after any motion for modification of the administrative record and/or discovery has been fully briefed in accordance with Local Rule 16.2(c)(4).

Opp. at 2.) Notably, Plaintiff amended his complaint and dropped Liberty and the Plan from Count V, the count for interference with ERISA benefits under ERISA § 510. (See Am. Compl. ¶¶ 89-92.) Plaintiff cannot now attempt to bring those two defendants under any other cause of action through amorphous allegations of being involved in the decision-making process. Further, although Plaintiff claims that there will be common questions of fact as to all Defendants, Plaintiff does not specify what those facts may be or how those purported common factual issues relate to the legal questions before the Court.

In short, Count VI of Plaintiff's Amended Complaint should be severed so that it may proceed along the shorter, well-established track for ERISA denial of benefits claims. Therefore, the Motion To Sever Or Separate Count VI is GRANTED under Federal Rule of Civil Procedure 21. In accordance with the Court ordered severance of Count VI, Liberty and the Plan's Objection To Scheduling Order (ECF No. 28) is GRANTED.

## IV.   CONCLUSION

For the reasons explained herein, Defendants Liberty Life Assurance Company of Boston's And The Group Life Insurance And Disability Plan Of United Technologies' Motion To Sever Or Separate Count VI Of Plaintiff's First Amended Complaint Under Rule 21 Or Rule 42(b) Of The Federal Rules Of Civil Procedure (ECF No. 17) is GRANTED. It is ORDERED that Count VI of Plaintiff's Amended Complaint (ECF No. 16) shall be SEVERED under Federal Rule of Civil Procedure 21. Defendants Liberty Life Assurance Company Of Boston's And The Group Life Insurance And Disability Plan Of United Technologies' Objection To Scheduling Order (ECF No. 28) is GRANTED.

In addition, Defendants Liberty Life Assurance Company Of Boston's And The Group Life Insurance And Disability Plan Of United Technologies' Motion To Dismiss Count V Of

Plaintiff's Complaint (ECF No. 13) and the first-filed Motion To Sever Or Separate Count VI of Plaintiff's Complaint (ECF No. 12) are MOOT.

SO ORDERED.

      /s/ George Z. Singal
United States District Judge

Dated this 21st day of May, 2013.

Case 2:12-cv-00197-GZS   Document 34   Filed 05/21/13   Page 9 of 9   PageID #: 369